Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ELIEZER SANTANA BÁEZ<br><br>Peticionario<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO POR CONDUCTO DE DEPARTAMENTO DE JUSTICIA, DPTO DE CORRECCIÓN Y REHABILITACIÓN, HON. FRANCISCO QUIÑONES RIVERA Y OTROS.<br><br>Recurridos | TA2025CE00392 | *CERTIOARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso núm.: BY2025CV03212 (401)<br><br>Sobre: Violación de Derechos Civiles |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 4 de septiembre de 2025.

Comparece ante este tribunal apelativo, por derecho propio e *in forma pauperis*,[1] el Sr. Eliezer Santana Báez (señor Santana Báez o peticionario) mediante el recurso de *certiorari* de epígrafe solicitándonos que revoquemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), el 24 de julio de 2025, notificada el 29 de julio siguiente. Mediante esta, el foro primario declaró *No Ha* Lugar a la solicitud del peticionario para que el tribunal le provea las direcciones para emplazar a sus demandados.

Por los fundamentos que expondremos a continuación, determinamos denegar la expedición del auto de *certiorari* solicitado.

---

[1] Acompañó con su recurso el documento intitulado *Declaración en Apoyo de Solicitud para Litigar como Indigente (In Forma Pauperis),* la cual declaramos *Ha Lugar.*

## I.

En lo aquí pertinente, el señor Santana Báez se encuentra recluido en una institución carcelaria en Bayamón, bajo la custodia del Departamento de Corrección y Rehabilitación. Según surge del recurso, desde la institución el peticionario instó una demanda en daños y perjuicios contra varias corporaciones vinculadas a la generación y distribución de energía eléctrica por la interrupción del servicio. Tras una orden del TPI para que el peticionario presentara las direcciones para emplazar a las partes que interesaba demandar, este incluyó unas que admite no son las correctas. Por lo que, como remedio, le solicitó al foro *a quo* que le proveyera las direcciones correctas para lograr cumplir con el requisito fundamental de emplazar a los demandados. Fundamentó su petición en que se encuentra recluido bajo la custodia del estado y no tiene forma, según aduce, de encontrar las direcciones.

El 24 de julio de 2025, el TPI emitió la *Orden* recurrida mediante la cual determinó lo siguiente:

> NO HA LUGAR A LA SOLICITUD DE QUE EL TRIBUNAL SE CONVIERTA EN ASCESOR [sic] DE UNA PARTE DE UN PLEITO.
>
> LE CORRESPONDE AL DEMANDANTE PROVEER LOS ESCRITOS, DIRECCIONES Y DOCUMENTOS PARA ADELANTAR SU CAUSA.
>
> CUALQUIER INTERVENCIÓN DEL TRIBUNAL A ESOS FINES CONSTITUYE UNA ACCIÓN PARCIALIZADA Y EL TRIBUNAL ESTÁ PARA ADJUDICAR CONTROVERSIAS DE FORMA IMPARCIAL.
>
> SE ORDENA NOTIFICAR EMPLAZAMIENTOS PARA LUMA, DEPARTAMENTO DE JUSTICIA Y GENERA A LAS DIRECCIONES PROVISTAS POR EL DEMANDANE POR CONDUCTO DE LA OFICINA DE ALGUACILES.

Inconforme con la determinación, el peticionario acude ante este foro apelativo mediante el recurso de *certiorari* de epígrafe imputándole al TPI la comisión del siguiente error:

> ERRÓ EL TPI AL NO PROPICIAL [*sic*] UN ACCESO RÁPIDO, JUSTO Y ECONÓMICO ASISTIENDO AL

DEMANDANTE EN LA BÚSQUEDA DE UNA DIRECCIÓN, LA CUAL ES PÚBLICA PARA QUE EL DEMANDANTE SE PUEDA DEFENDER, NEGANDO LA ASISTENCIA PERMITE QUE UNA PARTE NO SEA TRAÍDA AL PLEITO, LO QUE SÍ LE CONVIERTE EN FAVOR DE LA OTRA PARTE EN EL PLEITO.

Analizado el recurso y, a tenor de la determinación arribada, resolvemos sin la comparecencia de la parte recurrida, según nos faculta la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

## II.

**Auto de *Certiorari***

El recurso de *certiorari* es el vehículo procesal discrecional disponible para que un tribunal apelativo revise las resoluciones y órdenes interlocutorias de un tribunal de inferior jerarquía. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; *García v. Padró*, 165 DPR 324, 334 (2005). Todo recurso de *certiorari* presentado ante este foro apelativo deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*. Dicha regla limita la autoridad y el alcance de la facultad revisora de este foro apelativo sobre órdenes y resoluciones dictadas por el foro de primera instancia, revisables mediante el recurso de *certiorari*. La referida norma dispone como sigue:

Todo procedimiento de apelación, certiorari, certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico.

El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.** No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando **se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos**

> **relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia**. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales. Regla 52.1 de Procedimiento Civil, supra. [Énfasis Nuestro].

Por tanto, el asunto que se nos plantea en el recurso de epígrafe deberá tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, *supra.* Ello, debido a que el mandato de la mencionada regla dispone expresamente que solamente será expedido el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia y en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Así, pues, para determinar si debemos expedir un auto de *certiorari* debemos determinar primeramente si el asunto que se trae ante nuestra consideración versa sobre alguna de las materias especificadas en la Regla 52.1 de las de Procedimiento Civil, *supra.* Sin embargo, aun cuando el asunto esté contemplado por dicha regla, para determinar si procede la expedición de un recurso y poder ejercer sabiamente nuestra facultad discrecional, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025), dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Es decir, que el examen que emplea el foro apelativo no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, a la pág. 176.

De otra parte, el ejercicio de las facultades del Tribunal de Primera Instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *BBPR v. SLG Gómez-López*, 213 DPR 314, a las págs. 334-335 (2023); *Ramos v. Wal-Mart*, 165 DPR 510, a la pág. 523 (2006); *Rivera Durán v. Banco Popular de Puerto Rico*, 152 DPR 140, a la pág.155 (2000).

**III.**

En esencia, el señor Santana Báez arguyó que el foro primario incidió al determinar que no podía proveerle la información de las direcciones que él solicitó para emplazar a las

partes demandadas. Ello, toda vez que entiende que, al negarse, el TPI actúa en favor de los demandados.

De entrada, advertimos que todo recurso de *certiorari* presentado ante este foro intermedio deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*. De una lectura de la referida norma, surge que la controversia aquí planteada, por tratarse de la denegatoria de una moción solicitando al TPI que le provea la dirección de las partes demandadas para poder emplazarlas, no está incluida en las instancias que esta *Curia* puede atender de conformidad a la Regla 52.1 de las de Procedimiento Civil, *supra*.

Por su parte, en *Pueblo v. Villafañe Marcano,* 183 DPR 50, 77 (2011), nuestro más alto foro ratificó la importancia del deber de imparcialidad que debe mostrar el Magistrado como alimento a la confianza ciudadana en la administración de la justicia. En cierto aspecto, estableció que no basta con que la judicatura sea imparcial y objetiva, sino que debe también mostrar dicha apariencia. Por tanto, el raciocinio del foro primario está fundamentado en el deber de la judicatura, como administradora de la justicia, de evitar la apariencia de parcialidad hacia cualquiera de las partes.

En fin, toda vez que el dictamen recurrido no está comprendido dentro del marco establecido en la Regla 52.1 de las de Procedimiento Civil, *supra,* procede denegarlo, al amparo de la Regla 11(C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 20, 215 DPR __ (2025), para que continúen los procedimientos del caso, sin mayor dilación.

**IV.**

Por los fundamentos antes expuestos, se deniega el recurso de *certiorari* de epígrafe al no satisfacer los criterios establecidos en la Regla 52.1 de las de Procedimiento Civil, *supra*.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones